(15 App. Div. 212.)

GILLESPY v. BILBROUGH.

(Supreme Court, Appellate Division, Third Department. March 12, 1897.)

Costs—Extra Allowance—Difficult Case.
　　An action for money loaned, which was tried as a "short cause," and in less than an hour, was not "difficult or extraordinary" (Code Civ. Proc. § 3253), so as to authorize an extra allowance to plaintiff.

Appeal from special term, Rensselaer county.

Action by Anna V. Gillespy against William H. Bilbrough. From an order denying defendant's motion to vacate an order granting plaintiff an extra allowance, made on the rendition of the verdict, defendant appeals. Reversed.

The plaintiff's complaint is for money loaned, and demands judgment for $4,580, with interest from the 3d of June, 1896. The defendant, in his answer, interposed a general denial, and also set up a counterclaim for moneys paid by the defendant to the plaintiff to the amount of $455. The plaintiff, by reply, denied the facts alleged as a counterclaim in defendant's answer. The plaintiff caused the action to be placed on the short-cause calendar at the trial term of this court held in October, 1896, and the case was thereafter tried as a short

cause, and was concluded within one hour. The jury found a verdict in favor of the plaintiff for $3,516.50. Upon the coming in of the jury, and the rendition of the verdict, the court granted the plaintiff an extra allowance of 5 per cent. of the recovery. The defendant's attorney appears to have been absent when the verdict was rendered, and the motion for an extra allowance was made in his absence. Thereafter, at a special term held by the same justice who presided at the trial term, a motion was made by the defendant to vacate the order granting the plaintiff an extra allowance. That motion was denied, and from the order denying the same this appeal is taken.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Baldwin & Baldwin, for appellant.

George J. McDonnell (Frederick Collin, of counsel), for respondent.

PER CURIAM. Unless we are prepared to hold that every case that goes to trial is a difficult and extraordinary case, within the meaning of the Code (section 3253), this order cannot be sustained. What was said by the court in Duncan v. De Witt, 7 Hun, 184, is still the law in relation to allowances of costs in difficult and extraordinary cases, and there is no need of reiterating what was there said. The expenses of litigation have become a great burden upon those compelled to go into courts of justice to settle their controversies, and the courts should be careful not to add to those burdens except for good and sufficient reasons. In this case the record does not disclose anything either difficult or extraordinary. It is a plain every-day lawsuit. The only thing that is exceptional in it is the very brief time it took to try it.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.